UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
DANIELA MELENDEZ GARCES,

                              Plaintiff,      **COMPLAINT**

                - against. -

THE VOLKOV LAW GROUP LLC and
MICHAEL VOLKOV, individually,

                             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      Plaintiff Daniela Melendez Garces (referred to herein as "Plaintiff"), by and through her attorneys, The Law Offices of Jacob Aronauer, alleges against Defendants The Volkov Law Group LLC ("Volkov Law Group") and Michael Volkov, individually ("M. Volkov") (collectively "Defendants") as follows:

## NATURE OF THE ACTION

      1.     Plaintiff brings this action against Defendants to recover unpaid minimum wages owed to her under the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201 *et seq.*) and unpaid wages under New York Labor Law ("NYLL") (Article 6 § 190, *et seq.*) and supporting regulations.

      2.     Plaintiff also brings this action pursuant to NYLL § 195 to recover damages for Defendants' failure to provide the requisite wage notices to Plaintiff.

      3.     Plaintiff also brings this action under New York Business Law § 630 as the individual Defendant M. Volkov is one of the ten largest shareholders of Volkov Law Group LLC.

      4.     Plaintiff also brings this action against Defendants for failure to pay earned wages under New York Labor Law § 663.

5. In the alternative, Plaintiff also brings this action against Defendants for breach of contract, breach of covenant of good faith and fair dealing, and breach of fiduciary duty.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 206(a) and 217; and 28 U.S.C. § 1337.

7. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because (1) all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

9. This Court also has jurisdiction because there is complete diversity of citizenship and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## PARTIES

**Plaintiff Daniela Melendez Garces**

10. Plaintiff is a resident and domiciliary of Luxembourg.

11. At all times relevant to this Complaint, Plaintiff was an "employee" of Defendants, as that term is defined by the FLSA and NYLL.

12. Plaintiff is an attorney admitted to practice in the Republic of Colombia.

13. Plaintiff resided in New York when she worked for Defendants.

14. From August 21, 2023 until April 15, 2025, Plaintiff worked for Defendants.

15. Plaintiff worked for Defendants as an associate.

16. Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

**Michael Volkov**

17. Defendant M. Volkov is the CEO of the Volkov Law Group LLC.

18. Defendant M. Volkov resides in Del Mar, California.

19. At all times relevant to this Complaint, Defendant M. Volkov was an "employer" of Plaintiff, as that term is defined by FLSA and NYLL. Defendant M. Volkov is sued individually as he exercised sufficient operational control over Volkov Law Group's operations to be considered Plaintiff's employer under FLSA and NYLL.

**Volkov Law Group LLC**

20. Defendant Volkov Law Group LLC is a limited liability corporation existing under the laws of the District of Columbia, with its principal place of business at 1015 15th Street, N.W., Sixth Floor, Washington, D.C. 20006.

21. Volkov Law Group continues to be engaged in interstate commerce and has annual gross revenues in excess of $500,000.

22. At all times relevant to this Complaint, Volkov Law Group was an "employer" of Plaintiff, as that term is defined by the FLSA and NYLL.

## PLAINTIFF'S FACTUAL ALLEGATIONS

23. As noted earlier, Plaintiff initially worked for Defendants as an associate.

24. On June 9, 2023, Plaintiff received an offer of employment from Volkov Law Group LLC.

25. The offer of employment stated that Plaintiff would be paid $125,000 a year.

26. The offer of employment stated that Plaintiff would be paid bi-monthly.

27. In addition, the offer of employment provided Plaintiff the opportunity to participate in the Firm's 401(k) plan, which included contributions from Defendants.

28. Plaintiff worked for Defendants in New York City.

29. Plaintiff's last day of employment with Defendants was April 15, 2025.

30. During Plaintiff's employment with Defendants, Plaintiff introduced Defendants to her valuable connections.

31. Defendants still perform work for high paying clients initiated through Plaintiff.

32. Plaintiff left employment with Defendants due to the failure of Defendants to pay Plaintiff, despite repeated requests for timely and complete payment.

33. Not inclusive of liquidated damages, Plaintiff was owed $43,774.80 in unpaid wages when she left employment.

34. During Plaintiff's employment with Defendants, Defendants sporadically paid Plaintiff via Zelle.

35. When Defendants made the payment to Plaintiff, they made the representation that taxes were being taken out of Plaintiff's salary.

36. Defendants, though, did not take taxes out of Plaintiff's salary when they paid her via Zelle.

37. By doing so, Defendants engaged in fraud.

38. This resulted in Plaintiff not being paid approximately $15,329.27 owed to her pursuant to her contract with Defendants.

39. Defendants did not consistently make payments to Plaintiff's 401k contribution as required under their contract.

40. On or around August 2024, Defendants completely ceased making contributions to Plaintiff's 401k account.

41. While Defendants dispute the amount in question, Defendants have previously acknowledged owing Plaintiff unpaid wages for her labor. *See* Exhibit A.

42. Specifically, on September 16, 2025, Plaintiff sent the following e-mail to Michael Molkov: "Hi Mike, It's been almost six months since I left the law firm. Can you please confirm when I will get full paid? As mentioned in my previous emails this situation is very stressful for me." In response, Michael Volkov wrote "Yes Daniela I am aware and have committed to you I will pay, possible within next 30 days (Csurgo case may resume) will result in a payment of retainer. I appreciate your patience but I will get you paid." See Exhibit A.

43. Regrettably, this is not an isolated incident as Defendants have a history of not paying their employees.

44. Former attorneys of Defendants Matt Stankiewicz and Jessica Sanderson are also owed unpaid wages.

45. Ms. Sanderson filed a lawsuit in the District Court of Colorado against Defendants to be paid her owed wages. *Sanderson v. Volkov Law Group LLC, et al.*, 25-cv-00282.

46. On June 24, 2025, *Sanderson* settled. Dkt 25.

47. Stankiewicz has retained counsel to recoup his unpaid wages.

48. Even though Plaintiff has not worked for Defendants since April 2025 and her counsel sent a demand letter on October 16, 2025, as of November 25, 2025 Defendants list Plaintiff as an active employee on their website.

49. In addition, even though Stankiewicz has not worked for Defendants for months, he is still on Defendants' website.

50. Plaintiff, through her attorney, sought to resolve this matter without litigation.

51. The parties were unable to reach a resolution.

52. Upon being informed that the parties were at an impasse and a lawsuit would have to be commenced, on November 19, 2025, Mr. Volkov sent the following e-mail to Plaintiff's counsel: "OK—you are wasting time and energy and I will hold it up and make ugly counterclaims—." See Exhibit B.

**FIRST CAUSE OF ACTION**
**New York Labor Law-Unpaid Wages Under NYLL § 663**

53. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

54. At all relevant times, Plaintiff was an "employee" within the meaning of the New York Labor Law. Similarly, at all relevant times, Defendants, including the individually named Defendant M. Volkov, were "employers" within the meaning of the New York Labor Law.

55. Defendants failed to pay Plaintiff her earned wages for the periods of time and in the manner as set forth above.

56. Defendants' failure to pay Plaintiff her earned wages was willful and not based on any good faith belief of compliance with New York Labor Law § 663, et seq.

57. As a result of the foregoing, Plaintiff has been denied wages required under New York Labor Law § 663, et seq. and is entitled to an award of unpaid wages in an amount to be determined at trial, plus liquidated damages, prejudgment interest and reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices

58. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

59. Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

60. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations.

61. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## THIRD CAUSE OF ACTION
### New York Labor Law-Failure to Provide Wage Statements

62. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

63. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

64. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations.

65. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Plaintiffs with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## FOURTH CAUSE OF ACTION
### Breach of Contract
### (Plead in the Alternative)

66. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

67. On or about August 21, 2023, the parties entered into the employment agreement.

68. Plaintiff performed all duties, promises, and obligations required by the contract.

69. Defendants have refused to pay Plaintiff the wages she is due.

70. Defendants ceased making contributions to Plaintiff's 401k as required under the contract.

71. In refusing to pay Plaintiff the foregoing amounts, as required by the contract, Defendants have failed to perform the duties, promises, and obligations required by the contract. Defendants' failure in this regard constitutes a material breach of contract.

## FIFTH CAUSE OF ACTION
### Breach of Covenant of Good Faith and Fair Dealing
### (Plead in the Alternative)

72. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73. Implicit in the employment agreement is a covenant of good faith and fair dealing which encompasses any promises that a reasonable promise would understand to be included. Defendants breached the covenant of good faith and fair dealing in their actions when they induced Plaintiff to continue to sacrifice her salary for a protracted period of time, in the reasonably expectation that Defendants would make Plaintiff whole.

74. Defendants breached the covenant of good faith and fair dealing in circumstances where the Defendants formed an intention to renege on its contractual obligations to the Plaintiff.

## SIXTH CAUSE OF ACTION
### Against M. Volkov Individually Pursuant to New York Business Corporation Law § 630

75. Plaintiff realleges and incorporates by reference all allegations contained in the above paragraphs.

76. At all relevant times, M. Volkov was one of the ten largest shareholders of the Volkov Law Group LLC.

77. On October 17, 2025, Plaintiff's counsel sent a letter to M. Volkov that, among other things, advised that the letter was Plaintiff's written notice that Plaintiff intended to charge and hold M. Volkov and any other eligible shareholder of Volkov Law Group LLC personally liable pursuant to New York Business Corporation Law § 630 for all debts, wages, commissions, and salary due and owing to Plaintiff.

78. The unpaid wages that are the subject of this lawsuit against Volkov Law Group are "compensation and benefits payable by an employer to or for the account of the employee for personal services rendered by such employee" within the meaning of New York Business Corporation Law § 630(b).

79. Plaintiff fully complied with the prerequisites of New York Business Corporation Law § 630.

## SEVENTH CAUSE OF ACTION
### Unpaid Minimum Wages
### FLSA § 206(a)

80. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

81. The FLSA, 29 U.S.C. § 206(a), requires that employers pay employees a minimum wage of at least $7.25 per hour for all hours worked.

82. During the relevant period, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. § 203(e), and Defendants were employers within the meaning of 29 U.S.C. 203(d) and enterprises engaged in commerce within the meaning of 29 U.S.C. § 203(s).

83. For portions of her employment, Defendants failed to pay Plaintiff any wages for numerous hours worked, resulting in Plaintiff receiving less than the minimum wage mandated by 29 U.S.C. § 206(a).

84. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover unpaid minimum wages, an equal amount as liquidated damages, pre- and post-judgment interest, costs and reasonable attorneys' fees.

### EIGHTH CAUSE OF ACTION
### Fraud
### New York Common Law

85. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

86. Defendants, individually and collectively, knowingly made one or more material misrepresentations of fact to Plaintiff, including but not limited to: paying Plaintiff as an employee and taking out withholdings.

87. At the time the Defendants made these statements, they knew the statements were false or made them recklessly without regard to their truth or falsity.

88. Defendants made these misrepresentations with the intent to deceive Plaintiff and to induce Plaintiff to act in reliance on those false statements, including by continuing to work for Defendants.

89. Plaintiff reasonably and justifiably relied on the Defendants' misrepresentations.

90. As a direct and proximate result of Defendants' fraudulent conduct, Plaintiff has suffered actual pecuniary damages, including but not limited to unpaid compensation.

91. Defendants' conduct was willful, wanton, and malicious, entitling Plaintiff to punitive damages under New York law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, respectfully requests that this Court grant the following relief:

A. Damages for the loss, damage, inconvenience and expense as a result of the breach of duty and/or breach of statutory duty of Defendants;

B. Compensatory Damages for unpaid wages and supplemental wages in an amount to be determined by Judge;

C. Prejudgment Interest;

D. Liquidated Damages pursuant to FLSA and NYLL;

E. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the acts and practices of Defendants;

F. Statutory penalties of fifty dollars for each work day that Defendants have failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

G. Statutory penalties of two hundred fifty dollars for each work day that Defendants have failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided by for by NYLL, Article 6 § 198;

H. Unpaid wages and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

I. Damages pursuant to NYLL § 663;

J. Damages pursuant to common law fraud under New York Law;

K. Plaintiff's costs and reasonable attorneys' fees; and

L. For such other and further relief as the Court deems just and proper.

Dated:  November 25, 2025
         New York, New York

                                            Respectfully submitted,

                                            */s Jacob Aronauer*
                                            Jacob Aronauer
                                            250 Broadway, Suite 600
                                            New York, NY 10007
                                            (212) 323-6980
                                            jaronauer@aronauerlaw.com

                                            *Attorneys for Plaintiff*

# EXHIBIT A



From: **Michael Volkov** <mvolkov@volkovlaw.com>
Date: Thu, Sep 18, 2025 at 3:12 AM
Subject: Re: Outstanding payments
To: Daniela Melendez <d.melendezg1995@gmail.com>

Yes Daniela I am aware and have committed to you I will pay, possibly within next 30 days (Csurgo case may resume) which will result in payment of retainer.

I appreciate your patience but I will get you paid.

**Michael Volkov, CEO**
**The Volkov Law Group PC**
mvolkov@volkovlaw.com
**(240) 505-1992**
*Corruption Crime & Compliance*
*https://blog.volkovlaw.com/*
*Volkov Law Group*
*http://volkovlaw.com*

> On Sep 16, 2025, at 11:48 PM, Daniela Melendez <d.melendezg1995@gmail.com> wrote:
>
> Hi Mike,
>
> It's been almost six months since I left the law firm. Can you please confirm when I will get full paid?
>
> As mentioned in my previous emails this situation is very stressful for me.
>
> Kind regards
> Daniela
>
>> On Sat, 13 Sep 2025 at 18:36 Daniela Melendez <d.melendezg1995@gmail.com> wrote:
>> Hi Mike, do you have any update on the outstanding payments?
>>
>> Kind regards
>> Daniela
>>
>>> On Fri, 5 Sep 2025 at 16:47 Daniela Melendez <d.melendezg1995@gmail.com> wrote:
>>> Hi Mike,
>>>
>>> As I have mentioned before, this situation is very stressful for me. I don't have any updates from you. And I am relying on this to make my payments on my obligations.
>>>
>>> Kind regards
>>> Daniela
>>>
>>>> On Thu, 28 Aug 2025 at 10:48 Daniela Melendez <d.melendezg1995@gmail.com> wrote:
>>>> Hi Mike,
>>>>
>>>> Can you please give me an update on the outstanding balance?
>>>>
>>>> As mentioned below, I would appreciate to get paid in installments and get paid whatever is left once the house is sold.
>>>>
>>>> Kind regards
>>>> Daniela
>>>>
>>>>> On Mon, 18 Aug 2025 at 18:27 Daniela Melendez <d.melendezg1995@gmail.com> wrote:
>>>>> Hi Mike,
>>>>>
>>>>> Thank you for your email. I'm doing well here in Europe—and I recently got married to Chris.
>>>>>
>>>>> Regarding the proposed payment plan, unfortunately, it's not suitable for me. First, it feels too uncertain; and second, I was previously promised payment upon the sale of another house.
>>>>>
>>>>> I would appreciate continuing to receive payments, with the remaining balance settled once the other house is sold. This situation has been very difficult for me, and I don't feel heard or prioritized. I also understand that Nicolas sent you additional work after my departure from the firm.

That said, I remain grateful for the opportunity to work with you and for everything I learned during my time at Volkov Law.

Kind regards,
Daniela

On Sat, 16 Aug 2025 at 18:01 Michael Volkov <mvolkov@volkovlaw.com> wrote:
> Daniela — Sorry we have not been able to make any payments recently. Just to set expectations on payment plans, we are in the process of selling my mother in laws real estate and this should result in me paying your entire balance. If I am able to make any payments prior to the closing, I will let you know.
>
> Thanks and hope you are enjoying your new job and living in europe.
>
> Mike
>
> **Michael Volkov, CEO**
> **The Volkov Law Group PC**
> **mvolkov@volkovlaw.com**
> **(240) 505-1992**
> ***Corruption Crime & Compliance***
> ***https://blog.volkovlaw.com/***
> ***Volkov Law Group***
> ***http://volkovlaw.com***
>
>> On Aug 15, 2025, at 3:53 PM, Daniela Melendez <d.melendezg1995@gmail.com> wrote:
>>
>> Hi Mike, there is no update on Gusto. Can you please confirm when am I getting paid?
>>
>> Kind regards
>> Daniela
>>
>> On Sun, 3 Aug 2025 at 22:32 Michael Volkov <mvolkov@volkovlaw.com> wrote:
>>> Daniela — I am sorry the next payment has not occurred but I expect to do so in the next 10 days since I am waiting on payments from various clients. I will keep you posted.
>>>
>>> **Michael Volkov, CEO**
>>> **The Volkov Law Group PC**
>>> **mvolkov@volkovlaw.com**
>>> **(240) 505-1992**
>>> ***Corruption Crime & Compliance***
>>> ***https://blog.volkovlaw.com/***
>>> ***Volkov Law Group***
>>> ***http://volkovlaw.com***
>>>
>>>> On Aug 2, 2025, at 1:57 AM, Daniela Melendez <d.melendezg1995@gmail.com> wrote:
>>>>
>>>> Hi Mike, I have not received any payment nor any update from you regarding the outstanding payments.
>>>>
>>>> Can you please confirm when I am getting paid? I am very worried and tired of chasing you regarding this matter.
>>>>
>>>> Kind regards,
>>>> Daniela
>>>>
>>>> On Thu, Jul 24, 2025 at 2:30 PM Daniela Melendez <d.melendezg1995@gmail.com> wrote:
>>>>> Hi Mike,
>>>>>
>>>>> Can you please let me know when I will get paid the overdue salaries?
>>>>>
>>>>> Kind regards
>>>>> Daniela
>>>>>
>>>>> On Mon, 21 Jul 2025 at 15:18 Daniela Melendez <d.melendezg1995@gmail.com> wrote:
>>>>>> Hi Mike, I cannot wait much longer, I also have a lot of financial commitments to which I can't say I am not in a position to pay.
>>>>>>
>>>>>> I don't want to escalate this issue and I want to solve this as soon as possible.
>>>>>>
>>>>>> Kind regards
>>>>>> Daniela
>>>>>>
>>>>>> On Sat, 19 Jul 2025 at 21:49 Michael Volkov <mvolkov@volkovlaw.com> wrote:

Daniela — so sorry but I was not in a position to pay you this week. I am awaiting payments and will get this done as quickly as possible. So sorry for the delay.

**Michael Volkov, CEO**
**The Volkov Law Group PC**
mvolkov@volkovlaw.com
**(240) 505-1992**
*Corruption Crime & Compliance*
*https://blog.volkovlaw.com/*
*Volkov Law Group*
*http://volkovlaw.com*

On Jul 18, 2025, at 12:50 PM, Daniela Melendez <d.melendezg1995@gmail.com> wrote:

Hi Mike,

Kind reminder that I am waiting on the payments below.

Kind regards
Daniela

On Mon, 14 Jul 2025 at 14:09 Daniela Melendez <d.melendezg1995@gmail.com> wrote:
> Hi Mike,
>
> I look forward to getting paid this week at least half of what I am owed (if not all). I am accruing a lot of interest rate in my student loan and I am also getting married at the end of this month.
>
> Kind regards
> Daniela
>
> On Tue, 8 Jul 2025 at 22:06 Michael Volkov <mvolkov@volkovlaw.com> wrote:
>> Daniela — my apologies for the delay. I should be able to make another payment in the next 10 days — thanks again for your patience
>>
>> **Michael Volkov, CEO**
>> **The Volkov Law Group PC**
>> mvolkov@volkovlaw.com
>> **(240) 505-1992**
>> *Corruption Crime & Compliance*
>> *https://blog.volkovlaw.com/*
>> *Volkov Law Group*
>> *http://volkovlaw.com*

# EXHIBIT B



Jacob Aronauer <jaronauer@aronauerlaw.com>

# CONFIDENTIAL AND FOR SETTLEMENT PURPOSES ONLY

**Michael Volkov** <mvolkov@volkovlaw.com>                                    Wed, Nov 19, 2025 at 10:40 AM
To: Jacob Aronauer <jaronauer@aronauerlaw.com>

OK — you are wasting time and energy and I will hold it up and make ugly counterclaims —

[Quoted text hidden]